IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

WILLIE L. MITCHELL,
WTSP #261119                                                                                          PLAINTIFF

V.                                    3:05CV00190 JTR

MICKEY THORNTON,
Chief Administrator, Crittenden County
Detention Facility; and WADE ELLIOT,
Jailer, Mississippi County Detention Center                                              DEFENDANTS

## ORDER

Plaintiff, who is currently incarcerated at the West Tennessee State Penitentiary, has commenced this *pro se* § 1983 action alleging that Defendants subjected him to excessive force and provided him with inadequate medical care while he was being held at the Crittenden County Detention Facility and the Mississippi County Detention Center. *See* docket entries #2 and #6.

On April 28, 2006, Defendants file a Motion for Order Compelling Answers to Discovery Requests and a Brief in Support. *See* docket entries #24 and #25. In those pleadings, Defendants state that Plaintiff has refused to answer their February 1, 2006 interrogatories and their February 1, 2006 request for production, which asked Plaintiff to execute a Limited Authorization to Disclose Health Information. *See* docket entry #24, Exhibit A. Defendants further state Plaintiff has not responded to their March 10, 2006 letter in which they explained to Plaintiff that they intended to file a Motion to Compel if he did not respond to their discovery requests within ten days. *Id.*, Exhibit B. Accordingly, Defendants ask the Court to compel Plaintiff to respond to their February 1, 2006


discovery requests.  *Id.*

As of the date of this Order, Plaintiff has failed to Respond to Defendants' Motion or otherwise explain why he should not be required to answer their February 1, 2006 discovery requests, and the time for doing so has expired.  *See* Local Rule 7.2(b) (providing that: "Within eleven days from the date copies of a motion and supporting papers have been served upon him, any party opposing a motion shall serve and file with the Clerk a concise statement in opposition to the motion with supporting authorities"); Local Rule 7.2(f) (stating that the "failure to timely respond to any nondispositive motion . . . shall be an adequate basis, without more, for granting the relief sought in said motion").  Accordingly, Defendants' Motion for Order Compelling Answers to Discovery Requests will be granted.

IT IS THEREFORE ORDERED THAT:

1.	Defendants' Motion for Order Compelling Answers to Discovery Requests (docket entry #24) is GRANTED.

2.	Plaintiff shall, **within thirty days of the entry of this Order**, file his Answers to Defendants' February 1, 2006 discovery requests.[1]

---

[1] Usually, discovery responses are not filed with the Court and, instead, are mailed directly to the opposing counsel, along with a certificate of service.  *See* Fed. R. Civ. P. 5(d).  However, the Court hereby instructs Plaintiff to FILE his Answers to the February 1, 2006 discovery requests WITH THE CLERK so that it can determine whether Plaintiff has timely and properly complied with this Order.

3.       Plaintiff is advised that the failure to timely and properly comply with this Order could result in the dismissal of this case, without prejudice, pursuant to Local Rule 5.5(c)(2).[2]

Dated this 18th day of May, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Local Rule 5.5(c)(2) provides that: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. <u>If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice</u>. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure." (Emphasis added.)